## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE DEAN, Individually and For Others Similarly Situated, <br><br> v. <br><br> COLONIAL STAFFING GROUP, INC. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### SUMMARY

1.  Colonial Staffing Group, Inc. (Colonial) failed to pay Brooke Dean (Dean) and other workers like her, overtime as required by the Fair Labor Standards Act (FLSA).

2.  Instead, Colonial paid Dean and other workers like her, the same hourly rate for all hours worked, including those in excess of 40 in a workweek ("straight time for overtime").

3.  Dean brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6.  Colonial is headquartered in Walpole, Massachusetts, in this District and Division.

### THE PARTIES

7.  During the relevant period, Dean was an hourly employee of Colonial. Throughout his employment with Colonial, Dean was paid the same hourly rate for all hours worked (including

those hours in excess of 40 hours in a single workweek) with no overtime compensation. Her written consent is attached herein as Exhibit A.

8. Dean brings this Action on behalf of herself and other similarly situated workers who were paid by Colonial's "straight time for overtime" compensation scheme.

9. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees who worked for Colonial during the past 3 years who were paid straight time for overtime (the Putative Class Members).**

10. Plaintiff seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

11. Colonial is a for profit corporation incorporated in Massachusetts. Colonial may be served with process by serving its registered agent, John Hurley, at Corporation Trust Center, 95 Millbrook Ave, Walpole, Massachusetts, 02081 or wherever he may be found.

## COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, Colonial was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Colonial was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Colonial was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. Colonial has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

16. At all times hereinafter mentioned, Dean and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

17. Colonial staffs workers to the energy industry.

18. In order to provide services to its clients, Colonial hires employees it pays on an hourly basis.

19. Dean worked for Colonial as a planning supervisor.

20. Dean would oversee the planning of maintenance projects.

21. Colonial staffed Dean to Amentum.

22. Dean was employed by Colonial from August 2020 until June 2021.

23. Dean was an hourly employee of Colonial.

24. Colonial paid Dean $53.00 for every approved hour worked.

25. Dean reported the hours she worked to Colonial on a regular basis.

26. If Dean worked under 40 hours, she was only paid for the hours she worked.

27. But Dean would work more than 40 hours in a week.

28. Dean routinely worked 50 or more hours each week.

29. The hours Dean worked are reflected in Colonial's payroll records.

30. Colonial paid Dean the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

31. Colonial did not pay Dean overtime for all hours worked in excess of 40 hours in a single workweek.

32. Rather than receiving time and half as required by the FLSA, Dean only received "straight time" pay for overtime hours worked.

33. This "straight time for overtime" payment scheme violates the FLSA.

34. Dean was not guaranteed a salary while working for Colonial.

35. The Putative Class Members were not paid a guaranteed weekly salary.

36. Colonial was aware of the overtime requirements of the FLSA.

37. Colonial nonetheless failed to pay certain hourly employees, such as Dean, overtime.

38. Dean and the Putative Class Members perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

39. Dean and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

40. Dean and the Putative Class Members regularly worked in excess of 40 hours each week.

41. Colonial did not pay Dean and the Putative Class Members on a salary basis.

42. Colonial paid Dean and the Putative Class Members "straight time for overtime."

43. Colonial did not investigate the legality of its classification of Dean and the Putative Class Members as exempt from the overtime requirements of the FLSA.

44. Colonial did not conduct an audit to determine whether Dean and the Putative Class Members were its employees under the FLSA.

45. Colonial was aware of the hours worked by Dean and the Putative Class Members.

46. Colonial was aware Dean and the Putative Class Members worked in excess of 40 hours in a workweek.

47. Colonial failed to pay Dean and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

48. Colonial knew, or acted with reckless disregard for whether, Dean and the Putative Class Members were misclassified as exempt.

49. Colonial's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

50. The illegal pay practices Colonial imposed on Dean were imposed on the Putative Class Members.

51. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

52. Numerous other individuals who worked with Dean were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

53. Based on his experiences and tenure with Colonial, Dean is aware that Colonial's illegal practices were imposed on the Putative Class Members.

54. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

55. Colonial's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

56. Dean's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

58. Dean has no interests contrary to, or in conflict with, the Putative Class Members.

59. Like each Putative Class Member, Dean has an interest in obtaining the unpaid overtime wages owed under federal law.

60. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Colonial.

61. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Colonial will reap the unjust benefits of violating the FLSA.

63. Furthermore, even if some Putative Class Members could afford individual litigation against Colonial, it would be unduly burdensome to the judicial system.

64. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Colonial, and to the Court.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

66. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a.  Whether Colonial required Dean and the Putative Class Members to work more than 40 hours during individual work weeks;

  b.  Whether Colonial's decision to pay Dean and the Putative Class Members straight time for overtime was made in good faith;

  c.  Whether Colonial failed to pay Dean and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

  d.  Whether Colonial's violation of the FLSA was willful; and

  e.  Whether Colonial's illegal pay practices were applied to Dean and the Putative Class Members.

67. Dean and the Putative Class Members sustained damages arising out of Colonial's illegal and uniform employment policy.

68. Dean knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

69. Dean will fairly and adequately represent and protect the interests of the Putative Class Members.

70. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

71. By failing to pay Dean and the Putative Class Members overtime at one-and-one-half times their regular rates, Colonial violated the FLSA's overtime provisions.

72. Colonial owes Dean and the Putative Class Members overtime pay at the proper overtime rate.

73. Because Colonial knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Colonial owes these wages for at least the past three years.

74. Colonial is liable to Dean and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

75. Dean and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

76. Dean demands a Jury trial.

## PRAYER

77. Dean prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all the other hourly workers like her;

   b. A judgment finding Colonial liable to Dean and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Philip J Gordon*
    **Philip J. Gordon**
    Mass. BBO# 630989
    **Kristen M. Hurley**
    Mass. BBO# 658237
    **GORDON LAW GROUP, LLP**
    585 Boylston St.
    Boston, MA 02116
    617-536-1800 – Telephone
    617-536-1802 – Facsimile
    pgordon@gordonllp.com
    khurley@gordonllp.com

AND

**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
(pending *pro hac vice*)
**Richard M. Schreiber**
State Bar No. 24056278
(pending *pro hac vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
(pending *pro hac vice*)
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

9