UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROOKE DEAN,
    Individually and For Others
    Similarly Situated,

        v.                        NO. 1:22-cv-10663-MPK[1]

COLONIAL STAFFING GROUP, INC.,
    Defendant.

**ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF
SETTLEMENT, SERVICE AWARD, ATTORNEYS' FEES, AND COSTS (#24)**

KELLEY, U.S.M.J.

This case concerns allegations that defendant Colonial Staffing Group, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by improperly classifying plaintiff Brooke Dean and other similarly situated employees as exempt from federal overtime requirements and failing to pay them overtime wages. #24 at 7-8; *see also* # 1. Dean claims that she and other workers were paid the same hourly rate for all hours worked, irrespective of whether those hours were more than forty hours per workweek and without a guaranteed salary or overtime pay. *Id.* Colonial disputes that it misclassified Dean or any other employees under the FLSA. (#10.) Before the court is plaintiff's unopposed motion for final approval of the settlement of all claims in this suit, a service award, and attorneys' fees and costs. (#24.) For the reasons stated below, the motion is GRANTED.

---

[1] With the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. (#20.)

1

I. Background.

On May 3, 2022, Dean filed this lawsuit on behalf of herself and other similarly situated Colonial employees, alleging that (i) Colonial paid her an hourly wage of $53 per hour, (ii) she "routinely" worked over 40 hours per week, and (iii) rather than receiving time and a half as required by the FLSA, Dean received "straight time" pay of $53 per hour for overtime hours worked. (#1 ¶¶ 17-49.) She claimed that Colonial's "straight time" policy willfully violated the FLSA, entitling her and the other punitive class members to their unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. *Id.* ¶¶ 71-75. On June 15, 2022, Colonial answered Dean's complaint, denying that she or other employees like her were entitled to the FLSA's overtime protections. (#10.)

On September 26, 2022, the parties filed a joint motion to stay proceedings pending mediation, which the court allowed the following day. (##17, 18.) The motion contemplated a full-day mediation session before "an experienced wage and hour mediator" following Colonial's production of relevant compensation data for the putative class members identified in Dean's complaint, such as pay stubs and timesheets. (#17 at 1.) Before the parties' scheduled mediation on November 30, 2022, the parties conferred and reached a resolution. (#23.)

On April 12, 2023, plaintiff filed this unopposed motion requesting approval of their settlement. (#24.) The court held a hearing on April 17, 2023, at which both parties confirmed that they fully negotiated the agreement and had no objections to its approval. (#27.)

II. Legal Standard.

To ensure that the FLSA is being properly applied and that "'the lawsuit is not being used as a device to discount employees' rightful claims,'" either the U.S. Secretary of Labor must supervise the FLSA settlement, or a court must approve it. *Bradford v. Naples Causeway*

*Development, LLC*, No. 2:21-cv-00015, 2022 WL 3154760, at * 1 (D. Me. Aug. 8, 2022) (quoting *Anderson v. Team Prior, Inc.*, No. 2:19-cv-00452, 2022 WL 1156056, at *6 (D. Me. Apr. 19, 2022)). A court may approve a settlement that is "'a fair and reasonable resolution of a bona fide dispute over FLSA provisions'" and that "'reflect[s] a reasonable compromise over issues that are actually in dispute,' rather than a pure discount on clearly owed wages." *Curtis v. Scholarship Storage, Inc.*, No. 2:14-cv-303, 2016 WL 3072247, at *2 (D. Me. May 31, 2016) (quoting *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-34 (11th Cir. 1982) (alterations in original)); *see also Lynn's Food Stores*, 679 F.2d at 1353 ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). "To determine whether a proposed settlement is fair and reasonable, courts consider the 'totality of the circumstances,' which may include such factors as

> (1) The plaintiff's range of possible recovery; (2) the extent to which the settlement will enable to parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud and collusion.

*Drexler v. TEL NEXX, Inc.*, No. 13-cv-13009, 2019 WL 3947206, at *2 (D. Mass. Aug. 21, 2019) (quoting *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260-61 (D. Mass. 2015)). Additionally, "'[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award.'" *Singleton*, 146 F. Supp. 3d at 260 (quoting *Mireku v. Red Vision Sys., Inc.*, No. 11 Civ 6971(RA)(JLC), 2013 WL 6335978, at *1 (S.D.N.Y. Dec. 6, 2013)); *see In re Ranbaxy Generic Drug Application Antitrust Litig.*, No. 19-md-02878, 2022 WL 4329646, at *3 (D. Mass. Sept. 19, 2022) ("In addition to ensuring that class counsel is fairly compensated, the district court is obliged to function as a 'quasi-fiduciary to

3

safeguard the corpus of the fund for the benefit of the plaintiff class.'" (quoting *In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 736 (1st Cir. 1999)).

III.  Discussion.

The parties request a one-step settlement approval. "A one-step approval process is appropriate in FLSA settlements that do not include proposed Federal Rule of Civil Procedure 23 class releases." *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-cv-10219, 2017 WL 6460244, at *1 (D. Mass. Jun. 8, 2017) (collecting cases). That is because, unlike under Fed. R. Civ. P. 23, individuals must opt-in to an FLSA settlement and if they do not, they may still bring their own lawsuit the employer. *Id.*; *see Cunha v. Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 181 (D. Mass. 2016) ("Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment." (internal quotes omitted)); *Roberts v. TJX Cos., Inc.*, No. 13-cv-13142, 2016 WL 8677312, at *3 (D. Mass. Sept. 30, 2016). Such is the case here; the parties' request is approved.

As to the settlement itself, first, a bona fide dispute exists between the parties as to whether and to what extent Dean is entitled to compensation for overtime hours worked under the FLSA. Dean claims that she and other workers similarly situated to her were entitled under the FLSA to time and a half for all hours worked above the forty-hour workweek. (#1.); *see also Cunha*, 221 F. Supp. 3d at 181 ("The [FLSA] requires an employer to compensate their employees 'not less than one and one-half times the regular rate at which [the employee] is employed' for each hour worked in excess of forty hours per work-week unless those employees are exempt." (alteration in original)). Colonial denies Dean was entitled to overtime because she was an exempt and highly compensated employee, as defined by the FLSA. (#10.) Therefore, a bona fide dispute exists. *See Bradford*, 2022 WL 3154760, at *2.

The totality of the circumstances favors approval of the parties' settlement. Under the agreement, Colonial agrees to pay a gross sum of $95,000.00, inclusive of attorneys' fees, costs, and a $2,500 service award to Dean. (#24-1 at 3-4.) Plaintiff used Colonial's payroll and timekeeping records to calculate Dean's and each settlement class members' three-year back wages, which constitute "reasonable approximation[s]" of each individual's alleged damages. (#24 at 10, 16.) The net settlement amount payable to the settlement class—$52,875—amounts to approximately 61% of the aggregated three-year back wages and is to be distributed pro rata based on overtime hours worked. (#24 at 16-17; #24-1 at 7, 16.) Such an allocation is reasonable both proportionally and percentagewise, especially considering "the early settlement of this dispute will avoid potentially lengthy and expensive litigation over what appears to be a modest amount of alleged damages." *Singleton*, 146 F. Supp. 3d at 261; *see Bradford*, 2022 WL 3154760, at *2 ("Plaintiff's net settlement amount, which is approximately 20.8% of the best-case-scenario maximum she could recover after success at trial and any appeals, is a reasonable compromise."); *see also Jean-Pierre v. J&L Cable TV Servs., Inc.*, 538 F. Supp. 3d 208, 213 (D. Mass. 2021) (noting court would likely approve settlement under Rule 23(e)(2) where gross settlement award represented "approximately 40% of defendant's projected total exposure if the [Rule 23] class and [FLSA] collective were to prevail on their claims" and class members were to receive pro rata portions of the settlement based on, *inter alia*, the weeks they worked for defendant). Moreover, the agreement appears to be the product of arm's length bargaining, and the court sees no evidence of fraud, collusion, or efforts to "discount . . . clearly owed wages." *Curtis*, 2016 WL 3072247, at *2.

The court also approves the settlement notice attached to the proposed settlement agreement and release, *see* #24-1 at 13-15, and the parties' "cashing-of-the-check" opt-in

5

approach, *see* #24 at 17-18. *See Jean-Pierre*, 538 F. Supp. 3d at 217-18 (granting preliminary approval to settlement plan allowing FLSA settlement class members to opt-in by cashing or depositing settlement award check); *Prena v. BMP Fin. Corp.*, No. 15 C 09175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (approving one-step FLSA settlement plan including cashing-of-the-check opt-in mechanism). The settlement notice sufficiently informs settlement class members of the basis for their share of the settlement, the steps they must follow in order to participate, the consequences of non-participation, the monetary amount to which they are entitled under the settlement, the scope of the release, the time class members have to cash their settlement checks (120 days from the issuance of the checks), and class counsel's contact information for questions. *See Lauture*, 2017 WL 6460244, at *2 (approving FLSA settlement notice under similar circumstances, and collecting cases).

The court further approves the $2,500 service fee to Dean as lead plaintiff. "Plaintiffs in . . . collective actions play a crucial role in bringing justice to those who may otherwise have no access to judicial enforcement of their rights," and so incentive awards "serve the important purpose of compensating [those] plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, the public nature of a collective action filing, and any other burdens they sustain." *Id.* at *2 (approving $15,000 service fees to named plaintiffs); *see Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-cv-515, 2014 WL 1057079, at *6 (D. Me. Mar. 14, 2014) ("In determining whether an incentive or service award is warranted, courts consider the steps these individuals have taken to protect the interests of the class, the degree to which the class has benefited from those actions, the amount of time and effort they have expended in pursuing the litigation, and any negative effects that they have risked." (internal citations omitted)). Here, Dean assisted counsel in

6

investigating the claims in the case, she produced documents to support those claims, and she helped counsel achieve this settlement by, *inter alia*, providing detailed accounts of her work experiences, hours worked, and Colonial's practices and procedures. *See* # 24 at 10-11. She also attached her full name to this lawsuit and assumed the risks associated with publicly asserting her rights and the rights of others against a former employer. Her actions conferred a substantial benefit on the class and so the court approves her $2,500 service award.

Lastly, the court approves the parties' proposed settlement with respect to attorneys' fees and costs. Although courts have a duty to scrutinize attorneys' fees, "[i]n an individual FLSA action where the parties settled on the fee through negotiation, there is a great range of reasonableness for approving" them. *Singleton*, 146 F. Supp. 3d at 261 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2021)); *see In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). "The district court may calculate attorneys' fees by either the percentage of the fund ('POF') method or the lodestar method." *In re Ranbaxy Generic Drug Application*, 2022 WL 4329646, at *3 (citing *In re Thirteen Appeals*, 56 F.3d at 307).

Here, the parties negotiated attorneys' fees and costs separately from the settlement amount. #24 at 20; *see Sparks v. Mills*, No. 2:20-cv-190, 2022 WL 3645704, at *5 (D. Me. Aug. 24, 2022) ("[W]here, as here, parties 'settle the amount of a fee' in an apparently fair negotiation, the reviewing court need not sift through the agreement with a fine-toothed comb." (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Those fees amount to 37.5% of the common fund, or $35,625, and the costs amount to $4,000. (#24 at 19-20.) 37.5% lands on the high end of the scale in this Circuit, but not outside the bounds of reasonableness in a wage and hour case. *See In re Ranbaxy Generic Drug Application*, 2022 WL 4329646, at *3 ("As a percentage of the

7

relevant common fund, standard awards in the First Circuit range from 20% at the low end to 33% at the high end." (collecting cases)); *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-cv-10219, 2017 WL 5900058, at *1 (D. Mass. Nov. 28, 2017) (approving one-third fee award in FLSA settlement "because it mimics the market," and finding "it unnecessary to perform a lodestar cross-check in order to determine the reasonableness of the fee award"); *see also Curtis*, 2016 WL 307247, at *4 ("A one-third contingent fee is common in wage and hour cases."). Considering, however, that counsel's pre-suit investigatory efforts no doubt contributed to the efficient resolution of this case, *see* #24 at 8, the court finds the award reasonable here. *See In re Thirteen Appeals*, 56 F.3d at 307 (recognizing that "using the POF method in a common fund case enhances efficiency").

IV.  Conclusion.

Accordingly, for the reasons discussed above, plaintiff's unopposed motion (#24) is GRANTED, the settlement (#24-1) is APPROVED, and the above-captioned action shall be DISMISSED with prejudice.

May 1, 2023

/s/ M. PAGE KELLEY
M. Page Kelley
Chief United States Magistrate Judge

8